BECKER vs. WING.

*September 30 — October 14, 1884.*

*Limitation of actions — Right asserted as a defense — Discontinuance — Subsequent action.*

W., a tax title claimant, commenced an action in November, 1877, against B., the original owner of lands, to foreclose tax deeds. B. answered alleging defects in the tax proceedings invalidating the deeds, the remedy upon which was not then barred. On February 9, 1880, the action was discontinued, and on the same day B. commenced an action of ejectment against W. for the lands embraced in such tax deeds. *Held,* that sec. 4250, R. S., was applicable, and that after that section took effect (November 1, 1878), the limitation of sec. 1210*d*, R. S., ceased to run against B. during the pendency of the foreclosure suit.

APPEAL from the Circuit Court for *Bayfield* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action of ejectment commenced February 9, 1880, by the alleged owner of the undivided one-half of the original title of the lots ʼand blocks described, against the defendant claiming under tax deeds.

" The court found as facts, in effect, that the plaintiff had been such original owner; that the assessors had failed to take the prescribed oath in assessing the taxes upon which the tax deeds in question were issued; that on November 15, 1877, the defendant commenced an action in the trial court against the plaintiff and others, on said tax deeds, to foreclose and bar them of all right, title, and interest in the lots and blocks described, under the provisions of ch. 22, Laws of 1859, in which the plaintiff appeared and answered, averring as a defense that the assessor did not make and annex to the assessment roll any affidavit as required by law, and that said lots were not assessed from actual view, and that no considerable portion of the lands in said town was assessed from actual view in the same year; that the action was never brought to trial, but on May 24, 1879, the

plaintiff's attorney in that action served notice of discontinuance, and on February 9, 1880, an order discontinuing the same was entered.

" As conclusions of law the court found, in effect, that the action of the defendant against the plaintiff and others prevented the running of sec. 1210*d*, R. S., during the time that action was pending, so far as not to bar the plaintiff in this action from availing herself of the facts so set up by way of defense in that action to defeat the defendant's tax deeds in question; that the plaintiff was the owner, and. entitled to recover of the defendant the undivided one-half of the lots and blocks described, and to judgment in accordance with the findings."

From the judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *Knight & Hayes*, and oral argument by *Mr. E. A. Hayes.*

For the respondent there was a brief by *Miles & Gleason*, and oral argument by *Mr. Miles.*

CASSODAY, J.  It conclusively appears that the plaintiff had a valid defense to the defendant's action to foreclose his tax deeds, and had made it available by setting it up as such. Had that action proceeded to trial and judgment, the tax deeds would necessarily, from the facts appearing in this record, have been adjudged invalid.  So stood the case when that action was discontinued, February 9, 1880.  If the defense interposed in that action did not, by virtue of the statute, stop the running of sec. 1210*d*, R. S., in favor of the defendant and against the plaintiff, then this action was barred at the time it was commenced, which was the same day the other action was discontinued.

The statute provides, in effect, that when a defendant in an action has interposed an answer as a defense upon which he would be entitled to rely in such action, the remedy upon

which, at the time of the commencement of such action, was not barred by law, and such complaint is dismissed or the action is discontinued, the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense. R. S. sec. 4250. This, we understand, is a new section of a general nature going into effect with the Revised Statutes, November 1, 1878, and is certainly applicable to all prior statutes of limitation then in existence. Sec. 1210*d* is simply a revision and continuation of sec. 6, ch. 334, Laws of 1878, which went into effect March 25, 1878. That section being in force several months prior to the time when sec. 4250 went into effect, and the latter section being general in its provisions, we are clearly of the opinion that it is applicable to cases arising under sec. 1210*d*, and hence to this case.

Sec. 4250 certainly gave to the plaintiff here the right to rely upon the defense she interposed in the first action. Her remedy by ejectment against the tax deeds, in consequence of the defects set up in that defense, was not barred when that action was commenced, nor November 1, 1878, when sec. 4250 went into effect. Assuming that the nine-months' limitation was set running March 25, 1878, by sec. 6, ch. 334, Laws of 1878, notwithstanding the interposition of that defense, yet there was nearly two months of the time given by that section still remaining in which to commence this action, when sec. 4250 was enacted. The effect of that enactment was, therefore, to stop the further running of sec. 1210*d* during the pendency of that suit. This action being commenced immediately upon the discontinuance of the other, the plaintiff was not barred from availing herself of the same defects in the tax proceedings upon which the tax deeds were issued, as were interposed as a defense in the other action. Such defects, if not technically a "cause of

action," were available in the other suit as a defense, and certainly gave to the plaintiff a substantial right of action, seasonably exercised, against any one claiming the lands under the tax deeds.

*By the Court.*— The judgment of the circuit court is affirmed.